Isabel Machado, Esq. ID#022371998
MACHADO LAW GROUP
136 Central Avenue
Second Floor
Clark, New Jersey 07066
T: (732) 540-8276
F: (732) 540-8296
Attorneys for Defendants
Teaneck Board of Education and
Dennis Frohnapfel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| TEANECK BOARD OF EDUCATION AND DENNIS FROHNAPFEL, INTERIM SCHOOL BUSINESS ADMINISTRATOR/ BOARD SECRETARY,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE INNISFREE FOUNDATION,<br><br>*Defendant.* | Civil Action<br><br>Docket No.<br><br><br>**COMPLAINT FOR DECLARATORY RELIEF** |
|---|---|

Plaintiffs, the Teaneck Board of Education and Dennis Frohnapfel (hereinafter collectively "Plaintiffs), by and through counsel, respectfully request this Court to issue Declaratory Judgment. In support thereof, Plaintiffs allege the following:

### NATURE OF THE ACTION

1. This is a civil action for declaratory judgment pursuant to F.R.C.P. 57 and the Declaratory Judgment Act, 28 U.S.C. 2201 and 2202, seeking a determination that settlement agreements regarding special education students are educational records which the District may not disclose, absent parental consent, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. 1232g, and Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400, et seq. In the alternative, the District is seeking a determination that the release of a

settlement agreement containing a student's name; age; date of birth; grade; gender/gender pronoun; IDEA classification; information regarding evaluations performed on the student; the special education services provided to the student; the names and addresses of the student's public or private school; the name of attorneys representing the parents; and/or the parent's/parents' name, is prohibited under FERPA, 20 U.S.C. 1232g. Plaintiffs allege as follows:

### THE PARTIES

2. The Teaneck Board of Education ("District") is a municipal corporation with principal offices located at 1 Merrison Street, Teaneck, New Jersey 07666. The District exists for the purpose of providing free public education for children within the boundaries of Teaneck, New Jersey.

3. Dennis Frohnapfel ("Frohnapfel") is the interim School Business Administrator and Board Secretary for the District. Pursuant to New Jersey's Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-1 et seq., he is currently the District's custodian of government records and is responsible for addressing OPRA requests.

4. Upon information and belief, the Innisfree Foundation ("Innisfree" or "Defendant"), is a non-profit organization, with principal offices located at 40 South Fullerton Avenue, Montclair, New Jersey 07042, whose alleged mission is to assist New Jersey families with children with disabilities.

### JURISDICTION AND VENUE

5. Pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 and 2202, Plaintiffs seek a determination that settlement agreements regarding special education students are educational records which may not be disclosed, absent parental consent, pursuant to the Family

Educational Rights and Privacy Act (FERPA), 20 U.S.C. 1232g, and Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400, et seq. In the alternative, the District is seeking a determination that the release of a settlement agreement containing a student's name; age; date of birth; grade; gender/gender pronoun; IDEA classification; information regarding evaluations performed on the student; the special education services provided to the student; the names and addresses of the student's public or private school; the name of attorneys representing the parents; and/or the parent's/parents' name, is prohibited under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. 1232g.

6. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. 1331 and 28 U.S.C. 2201-2202, as the matter involves the interpretation of Federal laws, in this instance both FERPA and the IDEA, as well as accompanying federal regulations.

7. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(1), as all parties to the present matter are located in New Jersey.

8. This Court has personal jurisdiction over Defendant. Upon information and belief, Defendant resides in this state, regularly does and/or transacts business in this state and district, contracts to supply services in this states and district, derives substantial revenues in this state and district, and knows or expects its actions to have consequences that may give rise to litigation in this state and district.

### INNISFREE'S JUNE 21, 2016 OPRA REQUESTS

9. On June 21, 2016, Defendant submitted the following request for government records to Plaintiffs pursuant to the New Jersey Open Public Records Act ("OPRA"):

> All settlement agreements related to formally initiated disputes between Teaneck School District and parents of students (i.e., pursuant to a mediation request, due process petition, or judicial or administrative complaint) related to the provision of special education services that were executed in the past five years, where the

counterparties were parents (or a single parent) of a child or children for whom special education services were or are either provided or sought (Personally identifiable information may be redacted).

See Defendant's June 21, 2016 Settlement OPRA Request is attached hereto as Exhibit A to the Certification of Dr. Dennis Frohnapfel (hereinafter "Frohnapfel Certification").

10. On July 13, 2016 Frohnapfel responded to Defendant's requests as follows:

As to [the Settlement Request and Tuition Request], these will take additional time to complete, review and analyze, especially with respect to a "special service charge."

Note that a staff member will have to be assigned to gather this information, search District records/systems, and Board minutes. Following the identification of said records, copies will need to be made in order to be redacted. These fees will include the hourly rate of the employee who has to do the search and copy, retrieve the copies from the archives, as well as the cost of redacting the vast amount of personally identifiable information, particularly that of students. There will be fees you will be required to pay the District in connection with filling these particular OPRA requests. The District has reviewed the assessment of a special service charge in accordance with the "Special Charge Handout" as published by the Government Records Council. There will be an additional $0.05 cost per copy for the complete file. It is difficult to estimate the exact number of hours either request will take. The total cost will be greatly in excess of $25.00. It is reasonably estimated that said special service charge will approximate $800.00.

Once the special service charge is agreed upon, a reasonable extension of thirty (30) days is needed in order to respond and redact the documents sought.

See Frohnapfel's July 13, 2016 E-mail, attached hereto as Exhibit B to Frohnapfel Certification.

11. On August 29, 2016, Innisfree filed a verified complaint and order to show cause with the Superior Court of New Jersey, Bergen County, seeking disclosure of all records responsive to their June 21, 2016 OPRA requests. See August 29, 2016 Verified Complaint and OTSC, attached hereto as Exhibit C to Frohnapfel Certification.

12. On September 8, 2016, the Honorable Bonnie J. Mizdol, A.J.S.C. of the Bergen County Superior Court, Law Division, Civil Part, issued an Order requiring Plaintiffs to appear and show cause on October 27, 2016 as to why an Order should not be entered requiring Plaintiffs to disclose copies of all records responsive to Innisfree's requests for settlement agreements. See Judge Mizdol's September 8, 2016 Order, attached hereto as Exhibit D to Frohnapfel Certification.

13. Defendant has publicly indicated that he has filed similar OPRA requests with more than a dozen public school districts in nine New Jersey counties and that such requests will eventually be filed on a statewide basis. See Defendant's June 29, 2016 Public Release attached as Exhibit 1 to the Certification of Isabel Machado, Esq.

## COUNT I

### THE ENTRY OF A DECLARATORY JUDGMENT THAT SETTLEMENT AGREEMENTS REGARDING SPECIAL EDUCATION STUDENTS ARE EDUCATIONAL RECORDS WHICH MAY NOT BE DISCLOSED ABSENT PARENTAL CONSENT

14. Plaintiffs repeat and re-allege the preceding paragraphs of their Complaint.

15. An actual controversy exists as to whether the requested settlement agreements constitute "educational records" which the District is prohibited from disclosing to third parties pursuant to FERPA, 20 U.S.C. 1232g(b), absent parental consent.

16. Pursuant to the IDEA, 20 U.S.C. 1400, et seq. ("IDEA"), educational agencies, such as the District, are required to ensure students with disabilities are provided with a Free Appropriate Public Education ("FAPE"). 34 C.F.R. 300.101.

17. In order to provide students with FAPE, the District is required to create individualized educational programs, or "IEPs." specifically tailored to each student's unique needs. See 20 U.S.C. 1414(d).

18. An IEP must be in writing and must contain "[a] statement of the special education and related services...to be provided to the child," as well as "the anticipated frequency, location, and duration of those services and modifications." 34 C.F.R. 300.320.

19. The United States Department of Education, Office of Special Education Programs has previously indicated that a student's IEP is to be considered part of a student's educational record and, as such, is considered subject to the confidentiality requirements contained in the Family and Educational Records Privacy Act, 20 U.S.C. Sec. 1232g ("FERPA"). Letter to Cossey, 211 IDELR 351 (OSEP 1984).

20. The requested settlement agreements contain information regarding the special education and related services District students will be provided, as well as the frequency, location, and duration of those services.

21. Where District parents have initiated a claim that the District has failed to provide their child with FAPE, the negotiated settlement agreements between the District and parents essentially constitute the student's IEP.

22. As a modified version of student IEPs, the requested settlement agreements, even with redactions, constitute educational records which may not be disclosed to third parties absent parental consent. See 20 U.S.C. 1232g(b).

23. If the District were to release settlement agreements involving special education students, the Teaneck Public School District may be subject to the loss of federal funding received from the Department of Education. 20 U.S.C. 1232g(b) ("No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of educational records (or personally identifiable information contained therein....").

24. A loss of federal funding would be detrimental to the orderly operation of the Teaneck Public School System.

25. If the District were to release settlement agreements involving District students, the District would be violating the privacy rights granted to those students pursuant to FERPA. Pursuant to FERPA, the District is obligated to protect each student's privacy rights. In addition to its obligation under FERPA, the District stands *In Loco Parentis* for each students' parent(s) and is therefore obligated to act in each students' best interest.

26. If the District were to violate the privacy rights of its students, it would subject itself to potential lawsuits and liability.

27. A declaration is necessary and appropriate at this time to affirm that the above mentioned documents, even with redactions, constitute educational records which, under FERPA, may not be released absent parental consent.

28. A declaration is further necessary and appropriate at this time to ensure that the Department of Education does not withhold federal funding from the Teaneck Public School System for violating FERPA.

29. A declaration is further necessary and appropriate at this time in order to ensure that the District does not subject itself to civil suit for violating its students' privacy rights.

30. Given that Defendant has indicated that he intends to make similar requests to every school district in the state, a declaration is further necessary and appropriate at this time to ensure that other school districts, which are not a party to this action, are not required to release student records in violation of FERPA.

31. Accordingly, Plaintiffs seek, pursuant to 28 U.S.C. 2201 and 2202, a Judgment from this Court declaring that providing Innisfree with a settlement agreement, even with

redactions, would constitute the release of personally identifiable information in violation of 20 U.S.C. 1232g.

## COUNT II

### THE ENTRY OF A DECLARATORY JUDGMENT THAT THE RELEASE OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION CONTAINED IN THE REQUESTED SETTLEMENT AGREEMENTS WOULD BE A VIOLATION OF FERPA

32. Plaintiffs repeat and re-allege the preceding paragraphs of their Complaint.

33. An actual controversy exists as to what information contained in the requested settlement agreements constitutes "personally identifiable information" under 34 C.F.R. 99.3 which the District is prohibited from disclosing to third parties pursuant to FERPA, 20 U.S.C. 1232g(b).

34. Specifically, a controversy exists as to what constitutes "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstance, to identify the student with reasonable certainty." 34 C.F.R. 99.3.

35. Providing a settlement agreement containing a student's name; age; date of birth; grade; gender/gender pronoun; IDEA classification; information regarding evaluations performed on the student; the special education services provided to the student; the names and addresses of the student's public or private school; the name of attorneys representing the parents; and/or the parent's/parents' name, would constitute the release of personally identifiable information in violation of 20 U.S.C. 1232g.

36. If the District were to release personally identifiable information, the Teaneck Public School District may be subject to the loss of federal funding received from the Department of Education. 20 U.S.C. 1232g(b) ("No funds shall be made available under any

applicable program to any educational agency or institution which has a policy or practice of permitting the release of educational records (or personally identifiable information contained therein….").

37. A loss of federal funding would be detrimental to the orderly operation of the Teaneck Public School System.

38. If the District were to release settlement agreements without the aforementioned redactions, the District would be violating the privacy rights granted to those students pursuant to FERPA. Pursuant to FERPA, the District is obligated to protect each students' privacy rights. In addition to its obligation under FERPA, the District stands *In Loco Parentis* for each student's parent(s) and is therefore obligated to act in each students' best interest.

39. If the District were to violate the privacy rights of its students, it would subject itself to potential lawsuits and liability.

40. A declaration is necessary and appropriate at this time to affirm that the above mentioned information constitutes personally identifiable which, under FERPA, may not be released absent parental consent.

41. A declaration is further necessary and appropriate at this time to ensure that the District complies with its obligations under FERPA if ultimately ordered to release the requested information. Specifically, so the District may determine what information must be redacted prior to providing the requested documents.

42. A declaration is further necessary and appropriate at this time to ensure that the Department of Education does not withhold federal funding from the Teaneck Public School System for violating FERPA.

43. A declaration is further necessary and appropriate at this time in order to ensure that the District does not subject itself to civil suit for violating its students' privacy rights.

44. Given that Defendant has indicated that he intends to make similar requests to every school district in the state, a declaration is further necessary and appropriate at this time to ensure that other school districts, which are not a party to this action, are not required to release student records in violation of FERPA.

45. Accordingly, Plaintiffs seek, pursuant to 28 U.S.C. 2201 and 2202, a Judgment from this Court declaring that providing Innisfree with a settlement agreement containing a student's name; age; date of birth; grade; gender/gender pronoun; IDEA classification; information regarding evaluations performed on the student; the special education services provided to the student; the names and addresses of the student's public or private school; the name of attorneys representing the parents; and/or the parent's/parents' name, would constitute the release of personally identifiable information in violation of 20 U.S.C. 1232g.

## PRAYER FOR RELIEF

**WHEREFORE**, for the foregoing reasons, Plaintiffs request Judgment as follows:

A. Enter Judgment in favor of Plaintiffs on all counts;

B. Declare that providing Innisfree with settlement agreements, even with redactions, would constitute the release of a student's IEP, an educational record, in violation of 20 U.S.C. 1232g.

C. In the alternative, declare that providing Innisfree with a settlement agreement containing a student's name; age; date of birth; grade; gender/gender pronoun; IDEA classification; information regarding evaluations performed on the student; the special education services provided to the student; the names and addresses of

the student's public or private school; the name of attorneys representing the parents; and/or the parent's/parents' name, would constitute the release of personally identifiable information in violation of 20 U.S.C. 1232g.

D. Grant Plaintiffs such other and further relief as the Court may deem just and equitable under the circumstances.

MACHADO LAW GROUP
Attorneys for Teaneck Board of Education
and Dennis Frohnapfel

By: _____
Isabel Machado, Esq.

DATED: October 6, 2016